IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEOFFREY CALHOUN, et al )
)
    Plaintiffs, )
)
                            )    **CIVIL ACTION FILE NO.**
v.                      )    **1:09-CV-3286-TCB**
)
RICHARD PENNINGTON, et al )
)
    Defendants. )
)
_____ )

## CONSENT ORDER SETTING FORTH INITIAL SPECIAL MASTER MONITORING, DISCOVERY, AND DISPUTE RESOLUTION PROCEDURES

Upon consideration of the Special Master's Unopposed Motion for Entry of an Order Setting Forth Initial Special Master Monitoring, Discovery, and Dispute Resolution Procedures [Dkt. No. 321] (the "Initial Special Master Motion"), based on the consent of the Parties to the relief requested therein as indicated by the signatures of their undersigned counsel, and for other good cause shown, the Initial Special Master Motion is hereby GRANTED, and it is ORDERED, ADJUDGED, and DECREED, as follows:

## CALHOUN TRAINING

1)      Effective beginning September 17, 2016 or upon entry of this Order, whichever occurs later, the City of Atlanta shall temporarily cease providing voluntary training on the specific topics identified by the Court Orders (the "Calhoun Training") pending completion of the requirements set forth at paragraph 2 of this Order.

2)      The City of Atlanta and Plaintiffs shall comply with the following procedures and deadlines to ensure timely approval of a comprehensive Calhoun Training program using a format and content acceptable to Plaintiffs that will cover all topics contemplated by the Court Orders, including, but not limited to, appropriate use of nametags and supervision thereof, appropriate use of warrantless seizure/ID check forms, and appropriate responses to video photography and requests for an officer's identification credentials, as follows:

> A.      The procedures set forth in paragraphs 1, 2, and 3 of this Order apply to all Calhoun Training, including (i) roll call training, (ii) in-service training, and (iii) recurrent training.

> B.      The City of Atlanta shall arrange through the Special Master to meet with one or more representatives of the Georgia Bureau of Investigation ("GBI"), the United States Attorney's Office in the

Northern District of Georgia ("US Attorney's Office"), and/or others identified by the Special Master as willing and able to contribute to the City of Atlanta's development of an effective civil rights training program to provide a live sample training program within 30 days of entry of this Order on the Calhoun Training topics (the "Practice Calhoun Training") and to entertain any discussion or other contributions regarding elements of an effective civil rights training program. The City of Atlanta shall take reasonable steps necessary to facilitate this process, including direct communication with the above-referenced agencies, at the direction of the Special Master;

C.    In conjunction with the Practice Calhoun Training, the City of Atlanta shall also schedule a meeting with the Special Master, the GBI, the US Attorney's Office, and/or others identified by the Special Master (as set forth in paragraph 2(B) above) to take place after receipt and review of the Materials for Consideration (as defined below) but no more than 60 days after the Practice Calhoun Training (the "Second Meeting");

D.   The Practice Calhoun Training shall be video-recorded, and a visible and audible video-recording of the Practice Calhoun Training shall be delivered to Plaintiffs' Counsel and the Special Master within 5 days thereafter, together with copies of any presentation materials or handouts (the "Practice Training Materials");

E.   Within 15 days of receipt by Plaintiffs' Counsel of the Practice Training Materials, Plaintiffs' Counsel shall review the Practice Calhoun Training and Practice Training Materials and provide succinct written comments to the Special Master regarding any perceived shortcomings thereof, if any, under the Court Orders and the proposed resolution thereof. To the extent any perceived shortcoming relates to a presentation material or handout, Plaintiffs' Counsel shall provide alternate, supplemental, or revised presentation materials or handouts to the Special Master and the City of Atlanta using format and content acceptable to the Plaintiffs for consideration by the Special Master, the City of Atlanta, the GBI, the US Attorney's Office, and/or others (the "Materials for Consideration");

4

F.    Within 40 days of receipt of the Materials for Consideration, the City of Atlanta shall complete the Second Meeting, at which the City of Atlanta shall consider ways to improve the format, content, and effectiveness of the Practice Calhoun Training, including, but not limited to, review and discussion of any Materials for Consideration and any additional contributions by the GBI, the US Attorney's Office, and/or others.

G.    To the extent the City of Atlanta has bona fide concerns about incorporating any Materials for Consideration or any other proposed contributions, such bona fide concerns and any reasons therefor shall be presented to the Special Master at the Second Meeting, together with a proposed resolution thereof, for consideration by the Special Master and others present, or other arrangements made with the Special Master within the parameters set forth by this Order;

H.    After the Second Meeting, the City of Atlanta shall incorporate into its training program all proposed content and other contributions that are not the subject of a bona fide concern to be addressed as outlined in paragraph 2(G) above. Any bona

5

fide concerns will be addressed by the Special Master with counsel for Plaintiffs and counsel for the City of Atlanta, with potential for input from the GBI, the US Attorney's Office, and/or others, to accomplish a mutually agreeable resolution, if possible;

I.   No later than 90 days after the Second Meeting, the City of Atlanta shall complete a second live sample training program for Plaintiffs' Counsel, the Special Master, the GBI, the US Attorney's Office, and/or potentially others to be identified by the Special Master on the specific topics identified by the Court Orders, incorporating into its training program any proposed content and other contributions that are not then the subject of a bona fide concern to be addressed as outlined in paragraphs 2(G) and 2(H) above (the "Second Practice Training"). The date of the Second Practice Training shall be coordinated by the City of Atlanta through the Special Master as soon as reasonably practicable, and if possible, shall be scheduled for a time that will allow any bona fide concerns addressed in paragraph 2(G)

6

and 2(H) to be resolved and any related material incorporated into the training program prior to the Second Practice Training;

J.     The Second Practice Training shall be video-recorded, and a visible and audible video-recording of the Second Practice Training shall be delivered to Plaintiffs' Counsel and the Special Master within 5 days thereafter, together with copies of any presentation materials or handouts (the "Second Practice Training Materials");

K.     Within 15 days of receipt by Plaintiffs' Counsel of the Second Practice Training Materials, Plaintiffs' Counsel shall, if deemed necessary, review the Second Practice Training and Second Practice Training Materials, and either:

(i)     provide to the Special Master written approval as to the then-current form and content of the Second Practice Training and Second Practice Training Materials for prospective use as Calhoun Training, subject to the procedures set forth by the Court Orders; or

(ii)     provide succinct written comments regarding any perceived shortcomings of the Second Practice Training

and Second Practice Training Materials, together with the proposed resolution thereof, if, and only if, such matters were not resolved by the City of Atlanta or the Special Master pursuant to paragraphs 2(G), 2(H), and 2(I) of this Order. Plaintiffs' Counsel shall not use this provision as an opportunity to raise issues that could have been but were not previously raised as Materials for Consideration;

L.   Once Plaintiffs' counsel provides written approval to the Special Master of the then-current format and content of the City of Atlanta's training program as contemplated by paragraph K(i) of this Order, all duties and obligations set forth in paragraph 2 of this Order shall be deemed fully satisfied, such that the temporary stay on training set forth by paragraph 1 of this Order shall be terminated and the prospective duties and obligations related to the Calhoun Training shall then be fully set forth by the Court Orders and paragraph 3 of this Order.

3)   The City of Atlanta shall not implement any material changes to the structure, format, or content of the Calhoun Training, as approved by Plaintiffs'

Counsel pursuant to paragraph K(i) of this Order, unless such changes are presented to and approved in writing by Plaintiffs' Counsel and the Special Master prior to implementation, which approval shall not be unreasonably withheld. This paragraph applies to all Calhoun Training, including (i) roll call training, (ii) in-service training, and (iii) recurrent training.

## MONITORING

4)    The City of Atlanta and Plaintiffs shall comply with the following procedures and deadlines to assist with the Special Master's ongoing duty to monitor compliance with the Court Orders:

    A.    <u>Standard Operating Procedures</u>:  On a quarterly basis, on or before the 1st day of December 2016, March 2017, June 2017, and September 2017, respectively, the City of Atlanta shall provide to the Special Master the following:

        (i)    a current copy of all Atlanta Police Department ("<u>APD</u>") Standard Operating Procedures (individually an "<u>SOP</u>", or collectively, "<u>SOPs</u>") then in effect;

        (ii)    a document tracking any changes between the SOPs then in effect and the SOPs provided the previous quarter; and

(iii)   an affidavit from the Chief of Police that the foregoing documents accurately reflect the SOPs then in effect and any changes made to the SOPs during the preceding quarter.

B.   <u>Office of Professional Standards Investigations</u>: On a quarterly basis, on or before the 15th day of November 2016, February 2017, May 2017, and August 2017, respectively, the City of Atlanta shall provide to the Special Master the following:

(i)   a spreadsheet setting forth all of the information outlined at paragraph 5 of this Court's May 19, 2015 Order [Dkt. No. 289] for each complaint or investigation submitted to or opened by the Office of Professional Standards ("<u>OPS</u>") during the 3 month period ending on the 31st day of the preceding month and additionally identifying (1) the duration (in days after inception) of each such OPS complaint or investigation; (2) whether each such OPS complaint or investigation involves any allegations that specifically implicate any conduct at issue in the Court Orders or topics of the Calhoun Training,

including, but not limited to, identification of any alleged violations of SOPs 3020, 3030, 3065, 2010, 2011, 2130, or 3060; and (3) identification of the specific conduct and SOP at issue; and

(ii)    electronically searchable copies of all documents created or maintained in the ordinary course of business in conjunction with any OPS investigations closed during the 3 month period ending on the 31st day of the preceding month.

C.    <u>Warrantless Seizure/ID Check Form Forms</u>: On a quarterly basis, on or before the 8th day of December 2016, March 2017, June 2017, and September 2017, respectively, the City of Atlanta shall provide to the Special Master the following:

(i)    a copy of each Warrantless Seizure/ID Check Form completed during the 3 month period ending on the 31st day of the preceding month and any associated incident reports; and

(ii)    documentary evidence sufficient to determine (A) the frequency of warrantless seizures or ID checks completed

11

at a certain location (e.g., the Airport), to be identified by the Special Master within 30 days of the due date, during the 3 month period ending on the 31st day of the preceding month and (B) whether a Warrantless Seizure/ID Check form should have been generated under the Court Orders.   For example, the required production may include, but is not necessarily limited to, documentary evidence of ACIC/GCIC/NCIC ID checks in substantially similar form as the documentation produced in conjunction with the investigation of the Atlanta Eagle Raid (identifying the Terminal, Date, Time, Source, and Identifying Information for the party searched) and documentary evidence of any circumstances that would obviate the need for the generation of a Warrantless Seizure/ID Check Form (e.g., dispatch records).

D.   Identification Requirement for APD Officers: The City of Atlanta shall:

(i)   Prior to October 7, 2016, provide the Special Master an affidavit setting forth which types of uniforms utilized by APD officers are available for purchase from its third party vendor without a permanent nametag affixed thereto and which types of uniforms cannot be purchased without a permanent nametag affixed thereto;

(ii)   Prior to December 1, 2016, cause to be implemented or issued an SOP and/or a Chief of Police Command Memorandum mandating periodic uniform inspections at least as frequently as existing weapons inspections whereby each APD officer will also have an affirmative obligation to:

(1)   affix appropriate identification credentials (permanently where possible) to any new uniforms before placing same into service;

(2)   represent to his/her immediate supervisor that all uniforms in his/her possession bear appropriate

13

identification credentials (permanently where possible); and

(3) review the SOP or Command Memorandum with his/her immediate supervisor and acknowledge that any instances in which a supervising officer identifies a police officer, whether on or off duty, in a uniform authorized for use by APD officers in completion of lawful duties and identifiable by the public as such, other than in a rain slicker or traffic direction vest, including, by way of example, but not limited to, polo shirts, mesh raid/tactical vests, body armor carriers and covers, tactical uniforms, specialty unit uniforms, riot control gear or turtle suits, and all other uniforms and uniform components authorized for use by APD officers in the performance of lawful duties and identifiable by the public as such, without a conspicuously visible nametag will result in an OPS investigation and other appropriate reprimand.

14

The SOP or Command Memorandum shall also require all supervising officers to report through the OPS system any instance in which they identify a police officer in uniform without a nametag (other than in a rain slicker or traffic direction vest) and shall implement, in the context of all uniform inspections, the accountability or "chain of command" standards that govern supervising officers in the context of weapons inspections.[1]

(iii)   upon request by the Special Master:

(1)   allow the Special Master access to and provide the information necessary to monitor one or more of the above-referenced periodic uniform inspections;

(2)   provide the Special Master with information or documents sufficient to identify approved "second jobs" or "extra jobs" for APD officers and the locations thereof, including, but not limited to,

---

[1] The Special Master will continue to evaluate the effectiveness of this initial accountability or "chain of command" system in performance of ongoing duties and re-evaluate whether the accountability or "chain of command" system needs to be escalated or de-escalated.

access to the field inspection team monitoring same; and

(3)    provide the Special Master advance notice of daily roll call and then-scheduled roll call, in-service, and recurrent training for the following week or greater period of time and allow the Special Master access to same.

5)    All documents and information provided to the Special Master pursuant to paragraph 4 of this Order (including all subparts) are documents and information contemplated by paragraph 3 of the Special Master Order that shall be provided to Plaintiffs' Counsel in addition to the Special Master. Additionally, the Special Master is considering implementation of procedures designed to facilitate more open sharing of information and documents by Plaintiffs' Counsel with the Special Master and City of Atlanta related to instances of alleged non-compliance with the Court Orders to assist with the Special Master's ongoing duty to monitor compliance with the Court Orders and to allow the City of Atlanta to investigate and appropriately address any such instances/allegations, and the Special Master encourages Plaintiffs' Counsel to consider providing such information and documents voluntarily in the spirit of "develop[ing] a collaborative rather than

16

adversarial relationship between the parties" as set forth by the Special Master Order.

## DISCOVERY AND SECTION 11 REQUESTS

6)     All currently pending post-judgment discovery requests and requests made pursuant to paragraph 11 of this Court's Order entered May 19, 2015 [Dkt. No. 289] ("Section 11 Requests") are hereby stayed **without prejudice** to Plaintiffs. Plaintiffs may reissue any such stayed requests consistent with the applicable Federal Rules of Civil Procedure, the Local Rules and Standing Orders of this Court, the Court Orders, and this Order Setting Forth Initial Special Master Monitoring, Discovery, and Dispute Resolution Procedures (the "Applicable Rules").

7)     The City of Atlanta and Plaintiffs shall comply with the Applicable Rules and the following additional procedures in conjunction with post-judgment discovery requests and Section 11 Requests:

      A.    Post-Judgment Discovery:

           (i)    prior to serving any post-judgment discovery requests, Plaintiffs' Counsel shall articulate to the Special Master the need for additional information or documents necessary to monitor compliance with the Court Orders,

17

including an explanation in plain English as to why the
discovery is necessary to monitor compliance with the
Court Orders, and allow a reasonable period of time for
the Special Master to request the discovery under the
powers set forth by the Special Master Order;

(ii)   to the extent the Special Master does not request any
specific information or documentation deemed necessary,
in Plaintiffs' discretion, to monitor compliance with the
Court Orders, or an adequate substitute for such
documents and information, post-judgment discovery
requests for same may be served on the appropriate party
under the Applicable Rules with a copy to the Special
Master and shall include, in plain English, an explanation
to the other party as to why the request is necessary to
monitor compliance with the Court Orders or otherwise
appropriate;

(iii)  objections/responses to any such requests shall be served
on the appropriate party with a copy to the Special
Master and shall include either (A) a date and time by

18

which responsive documents and information will be produced to the Special Master and to Plaintiffs, or (B) an explanation in plain English as to why the requested discovery is not necessary to monitor compliance with the Court Orders or is otherwise inappropriate or properly withheld under the Applicable Rules;

(iv)    if any post-judgment discovery dispute is not resolved by the parties, discovery motion practice may proceed in accordance with the Applicable Rules, and when any such dispute is ripe for determination, the Special Master will schedule an evidentiary hearing to resolve any pending disputes, including apportionment of costs, if appropriate, under applicable law.

B.    <u>Section 11 Requests</u>:

(i)    prior to serving any Section 11 Requests, Plaintiffs' Counsel shall articulate to the Special Master the need for additional information or documents necessary to monitor compliance with the Court Orders, including an explanation in plain English as to why requested

19

documents and information are necessary to monitor compliance with the Court Orders, and allow a reasonable period of time for the Special Master to request the discovery under the powers set forth by the Special Master Order;

(ii)    to the extent the Special Master does not request any specific information or documentation deemed necessary, in Plaintiffs' discretion, to monitor compliance with the Court Orders, or an adequate substitute for such documents and information, a Section 11 Request for same may be served on the appropriate party with a copy to the Special Master and shall include, in plain English, an explanation as to why the Section 11 Request is reasonable and necessary to monitor compliance with the Court Orders;

(iii)    the City of Atlanta shall comply with any reasonable Section 11 Requests consistent with the Court Orders, or, to the extent the City of Atlanta disputes the reasonableness of a Section 11 Request, the City of

Atlanta shall, as soon as practicable and no later than 15 days, provide Plaintiffs' and the Special Master (A) an explanation in plain English as to why the requested discovery is not reasonable or not necessary to monitor compliance with the Court Orders, and (B) a suggestion as to what would make the request reasonable (e.g., an appropriate substitute for the requested documents and information, or an extended time frame) and an explanation why;

(iv)   if any Section 11 Request is not resolved by the parties in accordance with these procedures, upon request by any party, the Special Master will schedule an evidentiary hearing to determine the reasonableness of any outstanding Section 11 Requests, after which the Special Master will resolve any such Section 11 Requests including a determination regarding the reasonableness of any related fees and costs.

21

## MISCELLANEOUS

8)    Based on all of the parties' submissions, the Special Master believes and finds that the parties intend to fully comply with the Court Orders, this Order, and the other Applicable Rules. Therefore, in lieu of setting forth pre-determined sanctions, the Special Master is focusing attention in this Order prospectively on monitoring compliance with the Court Orders and resolving future discovery disputes, if any, between the parties, as described herein, until proven otherwise.

9)    However, the Special Master expressly reserves the right to implement appropriate remedial measures, including but not limited to pre-determined sanctions, consistent with the Special Master Order, and will do the same, augment or supplement the monitoring procedures set forth in this Order, or make a report and recommendation of contempt, whichever appropriate, if deemed necessary to achieve compliance with this Court's Orders, this Order, or any other Applicable Rules.

10)    Additionally, the Special Master is independently investigating the City of Atlanta's compliance with the Court Orders to date and what may or may not be potential violations thereof. The Special Master will file its quarterly compliance reports consistent with the Special Master Order independent of this Order. Therefore, nothing in this report shall be construed or interpreted as a

22

finding or determination by the Special Master regarding any past actions (or omissions) by the City of Atlanta.

11)    If compliance with this Order is not possible due to any circumstances beyond the control of the Plaintiffs or the City of Atlanta, such circumstances should be made known to the Special Master as soon as reasonably practicable together with a proposed solution for consideration by the Special Master.

12)    Nothing in this Order is intended to (nor shall it) modify, alter, or amend any of this Court's prior orders, including the Court Orders and the Special Master Order.

**IT IS SO ORDERED** this 23rd day of September, 2016.

Timothy C. Batten, Sr.
United States District Judge

[END OF ORDER]
###

Submitted & consented to by:     /s Joe D. Whitley
                                 **JOE D. WHITLEY**
                                 Georgia Bar No. 756150
                                 Baker, Donelson, Bearman, Caldwell &
                                 Berkowitz, PC
                                 3414 Peachtree Road, NE
                                 Monarch Plaza, Suite 1600
                                 Atlanta, GA 30326
                                 jwhitley@bakerdonelson.com
                                 (404) 223-2209

                                 *Special Master*

Consented to by:                 /s Gerald Weber
                                 **GERALD R. WEBER, JR.**
                                 Georgia Bar No. 744878
                                 Southern Center for Human Rights
                                 83 Poplar St. NW
                                 Atlanta, GA 30303
                                 gweber@schr.org
                                 (404) 688-1202

                                 /s Daniel Grossman
                                 **DANIEL GROSSMAN**
                                 Georgia Bar No. 313815
                                 1579 Monroe Drive, Suite F138
                                 Atlanta, GA 30324
                                 Dan@DanGrossmanLaw.com
                                 (404) 654-0326

                                 /s Gregory R. Nevins

                                 **GREGORY R. NEVINS**
                                 Georgia Bar No. 539529

                                 **ELIZABETH L. LITTRELL**
                                 Georgia Bar No. 454949
                                 Lambda Legal Defense and Education Fund

24

730 Peachtree Street, NE, Suite 640
Atlanta, GA 30308
GNevins@lambdalegal.org
(404) 897-1880

***Attorneys for Plaintiffs***

Consented to by:                         /s Robin Joy Shahar
                                         **ROBIN JOY SHAHAR**
                                         Chief Counsel
                                         Georgia Bar No. 089435
                                         rshahar@atlantaga.gov
                                         (404) 546-4171

                                         **ALISHA WYATT-BULLMAN**
                                         Assistant City Attorney
                                         Georgia Bar No. 189850
                                         aiwyattbullman@atlanta.gov
                                         (404) 546-4125

                                         **MAIYSHA R. RASHAD**
                                         Assistant City Attorney
                                         Georgia Bar No. 836938
                                         mrrashad@atlantaga.gov
                                         (404) 546-4086

                                         City of Atlanta Department of Law
                                         Atlanta City Hall
                                         55 Trinity Avenue, Suite 500
                                         Atlanta, GA 30303
                                         (404) 546-4100

                                         ***Attorneys for Defendants***

25