IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEOFFREY CALHOUN, et al.,

     Plaintiffs,

v.

RICHARD PENNINGTON, et al.,

     Defendants.

CIVIL ACTION FILE

NUMBER 1:09-cv-03286-TCB

## **O R D E R**

This case comes before the Court on the Special Master's motion

[359] to renew the procedures that govern the post-judgment

proceedings; Defendant City of Atlanta's motion [375] to reassign

matters to the district court from the Special Master; and Defendant

City of Atlanta's emergency motion [376] to stay Special Master

activities. To begin, the City's emergency motion [376] is denied.

The Court has reviewed the Special Master's most recent

quarterly report to the Court [346] and the motions and briefs of the

City regarding the current status of the Special Master's role in this

case. The Special Master is directed to continue to discharge his duties

under the Court's prior orders, including the following:

(1) Submitting the upcoming quarterly compliance report, see

[309] ¶1; and

(2) Issuing a Report and Recommendation ("R&R") to the Court on

the City's objections to the Special Master's proposed order

clarifying the scope and meaning of the 180-citizen complaint

requirement [351] and the Special Master's proposed fee

dispute order [352], as well as related responses.

The Special Master is also directed to file a response, on or before

October 6, 2017, to the City's motion [375] to reassign matters.

The Court's procedures order [323, as modified at 339] will also

continue to govern unless the Court orders otherwise. Should it become

necessary, the Court will extend provisions (e.g., reporting deadlines) of

the procedures order that are sun-setting pending a final decision on

the City's motion to reassign matters. The Special Master's motion [359]

is accordingly denied.

The Court also clarifies that, to the extent necessary, the Special Master is permitted to engage and file with the Court motions or other pleadings on the docket requesting intervention or clarification from the Court. *See* FED. R. CIV. P. 53(c)(B) (noting that a Master may, unless the Court orders otherwise, "take all appropriate measures to perform the assigned duties fairly and efficiently"); *see also* [309] ¶6 ("The Special Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned duties and shall have the authority to take all appropriate measures to perform assigned duties."); [323] ¶8 ("[T]he Special Master expressly reserves the right to implement appropriate remedial measures . . . ."). This serves the dual purpose of giving the Special Master the necessary flexibility to discharge his duties both to the parties and the Court, as well as to ensure that the parties are permitted, by responding to the docket activity of the Special Master, to make their positions known to the Court in these matters.

In conclusion, the City's motion [376] is denied. The Special Master's motion [359] is denied and he is directed to continue to

perform his duties as described herein and pursuant to the Court's prior orders. The City's motion to reassign matters [375] is held in abeyance pending the response of the Special Master by October 6, 2017.

IT IS SO ORDERED this 27th day of September, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge

4