IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 1:09-CV-3286-TCB |
| ) | |
| RICHARD PENNINGTON, et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
CLARIFYING SCOPE AND MEANING OF 180 DAY CITIZEN
COMPLAINT REQUIREMENT IN 2010 ORDER AND 2011 ORDER**

COMES NOW Joe D. Whitley, Special Master in the above-referenced case by virtue of this Court's Order of June 22, 2016 [Doc. No. 309] (the "Special Master Order") and FED. R. CIV. P. 53, and, pursuant to the Court's direction in the Court's Order of September 27, 2017 [Doc. No. 377] (the "9/27 Order"), hereby files this report and recommendation regarding the scope and meaning of provisions in prior Orders requiring the City of Atlanta (the "City") to investigate and adjudicate "all citizen complaints of police misconduct of any kind within 180

1

days of the complaint" (the "180 Day Requirement"). *See* Doc. 265 (the "2010 Order") at ¶ 7; Doc. No. 280 (the "2011 Order") at ¶ 7.[1]

## INTRODUCTION

The relevant facts and legal issues are set forth in the Special Master Quarterly Compliance Report dated July 14, 2017 [Doc. No. 346] (the "7/14 Report"), the proposed order attached to the 7/14 Report as **Exhibit B** (the "Proposed 180 Day Citizen Complaint Order"), and subsequent briefing by the parties at Doc. No. 351 (the "City Objection"), Doc. No. 361 ("Plaintiffs' Response"), and Doc. No. 372 (the "City Reply", and together with the City Objection and Plaintiffs' Response, the "180 Day Citizen Complaint Briefing"). In short, the City takes the position that its obligation to investigate and adjudicate "complaints" under the 180 Day Requirement is limited to complaints handled by the Atlanta Police Department's Office of Professional Standards ("OPS"); Plaintiffs, in turn, take the position that the 180 Day Requirement extends to all complaints, whether or not handled by the OPS.

The Special Master has given careful consideration to the 180 Day Citizen Complaint Briefing and all other premises relevant to this dispute. For the reasons stated below, the Special Master recommends this Court determine that the 180

---

[1] The 2010 Order and the 2011 Order shall hereafter be referred to as the "Court Orders."

Day Requirement, at present, extends to all complaints made by citizens whether or not the complaint is made or elevated to the Atlanta Police Department's Office of Professional Standards (the "OPS"). The Special Master further recommends that this Court adopt this report and recommendation and the proposed Order attached hereto as **Exhibit A** as the opinion and Order of this Court.

## LEGAL ANALYSIS

The 180 Day Requirement is documented in the 2010 Order and the 2011 Order, as set forth above.

### A. The 180 Day Requirement Requires No Construction.

As an initial matter, interpretation of the above-referenced phrase in the 180 Day Requirement boils down to the term "complaint." Is it a term of art, as the City argues, or is it given its ordinary meaning, as the Plaintiffs assert?

In determining the scope of the 180 Day Requirement and resolving the parties' differing interpretations of the phrase "all citizen complaints of police misconduct of any kind," we start with the proposition that a consent decree is interpreted according to "principles of contract law." *Jacksonville Branch, NAACP v. Duval County Sch. Bd.*, 978 F.2d 1574, 1578 (11th Cir.1992); *see also United States v. Armour & Co.*, 402 U.S. 673, 682 (1971) ("the scope of a consent decree must be discerned within its four corners, and not by reference to what might

3

satisfy the purposes of one of the parties"). In this case, the 2010 Order and 2011 Order evidence agreements made and to be performed in Georgia; and thus, Georgia's rules of contract construction are applicable. *See Stephens v. Trust for Pub. Land*, 479 F. Supp. 2d 1341, 1348 (N.D. Ga. 2007) (the construction rules decided by Georgia courts are applicable in federal court when interpreting a contract controlled by Georgia law); *See also Lima Delta Co. v. Global Aero., Inc.*, 338 Ga. App. 40, 45, 789 S.E.2d 230, 235 (2016) (In contract actions where the contract contains no choice of law provision, Georgia applies the rule of *lex loci contractus*. Under that rule, when a contract is made and to be performed in one state, its validity, nature, construction, and interpretation are governed by the substantive law of that state.)

The construction of a contract is a question of law. O.C.G.A. § 13-2-1. However, no construction of a contract is necessary or even permitted if the language of the contract is unambiguous. *See, e.g., First Data POS, Inc. v. Willis*, 273 Ga. 792, 546 S.E.2d 781 (2001); *Atlanta Multispecialty Surgical Assoc., LLC v. DeKalb Medical Center, Inc.*, 273 Ga. App. 355, 615 S.E.2d 166 (2005). In the absence of an ambiguity, the trial court enforces the contract as written, and the language in the contract is afforded its literal meaning. *Id.*

A "complaint" literally means any form of expression of dissatisfaction, protest, or grievance.  *See* "Complaint," Merriam-Webster.com, Merriam-Webster, n.d. Web. 17 July 2017;[2] *see also* THE AMERICAN HERITAGE COLLEGE DICTIONARY 284 (3d ed. 1997).[3]  For purposes of the 180 Day Requirement, a "complaint" is any expression of dissatisfaction or protest by a citizen involving alleged police misconduct.  This literal interpretation of "complaint"—while admittedly broad—is nonetheless required in the absence of any ambiguity.[4]

### B. If a Construction of the 180 Day Requirement is Undertaken by the Court, Application of the Rules of Contract Construction Leads to the Same Result.

Georgia utilizes both statutory and non-statutory rules of contract construction.  Relevant to the instant analysis:

> **Words generally bear their usual and common signification**; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning.

---

[2] Defining "complaint" to include any "expression of grief, pain, or dissatisfaction" or "something that is the cause or subject of protest or outcry."  *Id.*

[3] Defining "complaint" to include "any grievance."

[4] It bears repeating that the City participated in and consented to the precise language employed in the 2010 Order and the 2011 Order.  The City had at least 2 opportunities to request language narrowing the scope of "complaint" if it intended for the 180 Day Provision to be limited to formal OPS investigations.

O.C.G.A. § 13-2-2(2) (emphasis added).

The term "complaint" is neither capitalized nor defined in the 2010 Order and the 2011 Order. Nor does this term, or the 180 Day Requirement in general, refer to or incorporate another document or source that might affect its meaning.

Finally, the subject matter of the 180 Day Requirement—the Atlanta Police Department's ("APD's") prompt resolution of citizen complaints—does not in and of itself suggest a specialized meaning. Thus, the Special Master concludes the term "complaint" can only be given its customary meaning when the rules of contract construction are applied here. O.C.G.A. § 13-2-2(2).

As noted above, the term "complaint" is defined by a well-recognized source to include any "expression of grief, pain, **or dissatisfaction**" or "something that is the cause or subject of **protest** or outcry." *See* Merriam-Webster.com, Merriam-Webster, n.d. Web. 17 July 2017 (emphasis added). Another source defines "complaint" as follows:

> 1. An expression of pain, dissatisfaction, or resentment.
> 2. A cause or reason for complaining; **a grievance** …

The American Heritage College Dictionary 284 (3d ed. 1997).

Thus, the Court will arrive at the same result if the rules of contract construction are applied. The term "complaint" is given its customary meaning,

which is its literal meaning.[5]  While it is true "the whole contract should be looked to in arriving at the construction of any part," O.C.G.A. § 13-2-2(4), nothing within the four corners of the 2010 Order or the 2011 Order purports to limit the scope of the 180 Day Requirement to formal OPS investigations or otherwise exclude other forms of expression of dissatisfaction, protest, or grievance.

### C.   The City's Proffered Construction of the 180 Day Requirement is Contradicted by the Record.

While the City proffers a narrow interpretation of "complaint" in its briefing, the City has not cited any legal authorities in support of its position.  Rather, the City's briefing primarily focuses on events that occurred and pleadings that were filed <u>after</u> the 2011 Order.  In particular, the City's briefing relies heavily on the Procedures Order [Doc. No. 323], the Special Master's September 29, 2016 Quarterly Compliance Report [Doc. No. 324], the Special Master's April 12, 2017 Quarterly Compliance Report [Doc. No. 341], and Plaintiffs' August 29, 2016 Summary of Matters Requiring Special Master's Attention [Doc. No. 351-1,

---

[5] The Special Master has also considered and rejected the term "complaint" in its strict legal sense.  Black's Law Dictionary defines "complaint" as "[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction." Black's Law Dictionary 344 (10th ed. 2014).  None of the parties has advanced that construction, which would be in conflict with the 180 Day Requirement in general.

Exhibit C][6] to support its interpretation of the 180 Day Requirement as limited to OPS investigations.

No construction of a contract is permitted where the contract is clear and unambiguous. Indeed, language that is unambiguous on its face will not be construed as ambiguous based on extrinsic circumstances. *See, e.g., Walton v. Datry,* 185 Ga. App. 88, 363 S.E.2d 295 (1987). This is the crux of the parol evidence rule:

> **Parol evidence is inadmissible to** add to, take from, or **vary a written contract**. All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained; so, **if only a part of a contract is reduced to writing** (such as a note given in pursuance of a contract) **and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible[.]**

O.C.G.A. § 13-2-2(1) (emphasis added).

The City's reliance upon activities subsequent to the 2011 Order in support of its narrow interpretation of the 180 Day Requirement runs afoul of the parol

---

[6] It is important to clarify that none of the documents relied upon by the City altered the meaning of "all citizen complaints of police misconduct of any kind," with regard to the 180 Day Requirement under the Court Orders. None of these documents modified or amended the Court Orders in any way. In fact, this point is explicitly stated in the Procedures Order [Doc. No. 323] at ¶ 12, the Special Master's September 29, 2016 Quarterly Compliance Report [Doc. No. 324] at pg. 5, and the Special Master's April 12, 2017 Quarterly Compliance Report [Doc. No. 341] at. pg. 5.

evidence rule. More specifically, evidence of subsequent activities is being offered to vary the 180 Day Requirement reduced to writing in the 2010 Order and 2011 Order. There is nothing in the record that makes it "manifest" that those writings are incomplete.[7]

Putting this aside, the literal (or customary) meaning of the term "complaint" is bolstered by subsequent activities in this case. A third consent decree, the Order entered May 19, 2015 [Doc. No. 289] (the "<u>2015 Order</u>"), provides, in pertinent part:

> [T]he City of Atlanta shall provide Plaintiffs' counsel with a spreadsheet indicating, with regard to each complaint of police misconduct received after December 8, 2010 **and** each Office of Professional Standards (OPS) investigation commenced after December 8, 2010, the following information …

*Id.* at ¶ 5 (emphasis added).

The parties' reference to "each complaint of police misconduct" and a separate reference to OPS investigations in the disjunctive cannot be reconciled with the City's proffered interpretation of the 180 Day Requirement as being limited to OPS investigations. It is undisputed that not every complaint of police

---

[7] A consent decree should be "interpreted as written." *Sierra Club v. Meiburg,* 296 F.3d 1021, 1032 (11th Cir. 2002). The language of the contract, unless ambiguous, represents the intention of the parties. *Kimbell Foods, Inc. v. Republic Nat'l Bank of Dallas,* 557 F.2d 491, 496 (5th Cir. 1977).

9

misconduct rises to the level of an OPS investigation. Indeed, if the opposite were true, the parties would not be presenting their differing interpretations of the 180 Day Requirement to the Court in the first place. Thus, the parties' reference to the City's obligation to report on each complaint of police misconduct **and** each OPS investigation occurring after a certain date only makes sense if the two activities (the complaints and the OPS investigations) are not necessarily the same activities, such that there can be instances in which a complaint is made to the APD separate and apart from an OPS investigation. That the City agreed to report on both such occurrences in the 2015 Order evidences the parties' intent. *See* O.C.G.A. § 13-2-2(4) ("The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part[.]").

**D.  Any Proposed Revisions to the 180 Day Requirement are Not Ripe for Ruling, and Therefore the Special Master Makes No Recommendation At This Time.**

The Special Master is mindful that the 180 Day Requirement, as it should be interpreted at present, may place undue burdens upon the City—despite the fact that the City committed to such burdens in the 2010 Order and again in the 2011 Order. The Special Master is also mindful that the Court has given the City the opportunity to argue in favor of modifying the 180 Day Requirement [*see* Doc. No.

348], and the City has submitted briefing that the Special Master construes as argument seeking relief from the 180 Day Requirement by way of modifying "complaint" to "OPS investigations." *See* Doc. Nos. 351 and 367.[8]

The City <u>may</u> be able to present facts and prove the 180 Day Requirement should be modified on a going forward basis. However, such relief is not ripe for ruling because the briefing related to Doc. No. 348 has not concluded and the Special Master has not yet made his report and recommendation to the Court regarding modification (as opposed to clarification) of the 180 Day Requirement either.[9]

## **CONCLUSION**

Therefore, having considered the arguments set forth by all parties, the Special Master renews his recommendation to the Court in his 7/14 Report and further recommends that the Court adopt and enter the Order attached hereto as **Exhibit A** or enter an Order in substantially similar form **FINDING** that the 180 Day Requirement is <u>not</u> limited in scope to citizen complaints investigated and

---

[8] Of course, Plaintiffs do not agree with the City. *See, e.g.,* Doc. No. 361.

[9] To be clear, this report and recommendation is limited to this discrete issue of the interpretation of a contract term. This report and recommendation does not in any way address modifications to the Court Orders or compliance therewith. Those matters will be addressed pursuant to the Show Cause Orders entered by this Court at Doc. No. 347 and Doc. No. 348.

adjudicated by OPS but rather includes any and all other forms of a "complaint" (or grievance) by a citizen involving alleged police misconduct. Upon the Court's entry of the attached or a substantially similar Order, the Special Master shall review and monitor the City's compliance with the 180 Day Requirement in accordance with the same.

Respectfully submitted this 19th day of October, 2017.

/s/ Joe D. Whitley
**JOE D. WHITLEY**
Georgia Bar No. 756150
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road, NE
Monarch Plaza, Suite 1600
Atlanta, GA 30326
jwhitley@bakerdonelson.com
(404) 223-2209
*Special Master*

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing SPECIAL MASTER'S REPORT AND RECOMMENDATION CLARIFYING SCOPE AND MEANING OF 180 DAY CITIZEN COMPLAINT REQUIREMENT IN 2010 ORDER AND 2011 ORDER with the Clerk of Court using the Court's CM/ECF system, which will automatically send electronic notification of such filing to all parties through their counsel of record.

This 19th day of October, 2017.

/s/ Joe D. Whitley
**JOE D. WHITLEY**
Georgia Bar No. 756150
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road, NE
Monarch Plaza, Suite 1600
Atlanta, GA 30326
jwhitley@bakerdonelson.com
(404) 223-2209
*Special Master*