# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **GEOFFREY CALHOUN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **v.** ) | **1:09-CV-3286-TCB** |
| ) | |
| **RICHARD PENNINGTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## SPECIAL MASTER QUARTERLY COMPLIANCE REPORT AS OF OCTOBER 13, 2017

COMES NOW, Joe D. Whitley, the appointed Special Master, in furtherance of the duties imposed by the Court's Order entered June 22, 2016 [Doc. No. 309] (the "Special Master Order") and FED. R. CIV. P. 53, and pursuant to the Court's direction in its Order entered September 27, 2017 [Doc. No. 377] (the "9/27 Order"), submits this Special Master Quarterly Compliance Report as of October 13, 2017 (hereinafter, this "10/13 Report"):

## I. UPDATE REGARDING PENDING MATTERS

The Special Master filed the last Special Master Quarterly Compliance on July 19, 2017 [Doc. No. 346] (hereinafter, the "7/14 Report") setting forth his compliance findings and recommendations to the Court as of July 14, 2017.  As set

forth in the 7/14 Report, there are critical disputes among the parties regarding whether the City has complied with the Court Orders[1] to date and whether modification of the Court Orders is appropriate.  [*See* 7/14 Report, generally].  In light of such disputes, the Special Master recommended and this Court ordered that the parties should be heard on all such matters.  [*See* Doc. Nos. 347, 348 (hereinafter, the "Show Cause Orders")].

In addition to the Show Cause Orders, the 7/14 Report established a briefing schedule related to two other disputed matters: the 180 Day Requirement[2]; and the Fee Dispute.[3]  Subsequent to the 7/14 Report, the City filed a Motion to Reassign Matters to the District Court [Doc. No. 375] ("Motion to Reassign").

---

[1] For purposes of this 10/13 Report, "Court Orders" means and collectively refers to the Orders entered by this Court on December 8, 2010 (the "2010 Order"), December 15, 2011 (the "2011 Order"), May 19, 2015 (the "2015 Order"), and September 23, 2016 (the "Procedures Order"), as well as any requirements set forth in the Special Master's prior reports and recommendations to the Court.

[2] For purposes of this 10/13 Report, "180 Day Requirement" means and refers to the provisions in the 2010 Order and 2011 Order requiring the City to investigate and adjudicate "all citizen complaints of police misconduct of any kind within 180 days of the complaint." [*See* Doc. 265 at ¶ 7; Doc. No. 280 at ¶ 7].

[3] For purposes of this 10/13 Report, "Fee Dispute" means and refers to the Plaintiffs' request for attorney's fees from the City pursuant to 42 U.S.C. § 1988 related to the City's Petition for Emergency Relief from Chief Judge of the Federal District Court for the Northern District of Georgia [*See e.g.,* Doc. Nos. 346, 352, 360, 373, 386].

These substantive matters (i.e., the Show Cause Orders, the 180 Day Requirement, the Fee Dispute, and the Motion to Reassign) remain pending and are addressed in greater detail below.[4]   The Court has addressed all other substantive submissions to date.

### A.   The 180 Day Requirement and Fee Dispute are Ripe for Ruling.

Following the 7/14 Report, the 180 Day Requirement and the Fee Dispute have been fully briefed [*see* Doc. Nos. 351, 352, 360, 361, 372, 373], and the Special Master has submitted his reports and recommendations to the Court [*see* Doc. Nos. 386, 387].  As set forth more fully therein, these matters are now ripe for ruling by the Court.  [*Id.*].

### B.   The Motion to Reassign is Ripe for Ruling.

The Motion to Reassign has also been fully briefed by the parties [*see* Doc. Nos. 375, 380, 384] and the Special Master filed a response brief [*see* Doc. No. 381] per this Court's Order directing the same [Doc. No. 377].  As set forth in the Special Master's response brief [Doc. No. 381], the Special Master will not submit any further report and recommendation with regard to the Motion to Reassign

---

[4] Please note, this 10/13 Report does not address routine matters such as motions seeking leave to exceed page limitations, motions to continue, and motions for extensions of time.

unless directed to do so by the Court.  Absent further direction from the Court, the Special Master submits this matter is now ripe for ruling by the Court.

**C.**   **The Special Master Recommends that the Parties Submit a Consolidated Pretrial Order Regarding the Show Cause Orders.**

With regard to the Show Cause Orders, the parties have completed all of the preliminary briefing requested by the Special Master with regard to the Order at Doc. No. 348 (hereinafter, the "Show Cause for Relief Order").  [*See* Doc. Nos. 348, 354, 358, 367, 388].  With regard to the Order at Doc. No. 347 (hereinafter, the "Show Cause for Contempt Order"), the City submitted a substantive brief [Doc. No. 363], and the Special Master provided notice that he was awaiting briefing in response to the Show Cause for Relief Order before determining the briefing schedule with regard to the Show Cause for Contempt Order [Doc. No. 370].  The Special Master's recommendation for next steps with regard to the Show Cause Orders is set forth below [*see* Parts II and III, *infra*].

In short, the Special Master believes that further proceedings and presentation of evidence will be necessary in order to resolve the Show Cause Orders but submits that the parties are best positioned to evaluate the extent to which further briefing and argument will be needed in order for the Court to rule. Accordingly, as set forth in greater detail below, the Special Master recommends that this Court adopt this 10/13 Report and require, among other relief [*see*

4

discussion Part III *infra*], that the parties prepare and file a complete, consolidated "Pretrial Order" in the form approved by this Court.  To the extent any party wishes to waive further briefing and/or argument, they should do so in the parties' joint submission to the Court.

## II.    COMPLIANCE RECAP AND THE SHOW CAUSE ORDERS

The Special Master's quarterly reports have traditionally organized preliminary compliance findings by the topics identified in the 2010 Order and the 2011 Order, with references to related issues from the 2015 Order, the Procedures Order, and prior quarterly compliance reports, where appropriate. [*See* e.g., the 7/14 Report; *see also* discussion Part I *supra*].  This 10/13 report represents a departure from the Special Master's prior methodology for good cause.[5]

As set forth in the 7/14 Report, there were (and remain) substantial disputes among the parties regarding whether the City has complied with the Court Orders to date and whether modification of the Court Orders is appropriate.  [*Id.*].  The

---

[5] The Special Master acknowledges that this report and recommendation is less comprehensive than prior reports but submits this is the appropriate approach in light of the current posture of this case and the pendency of the Show Cause Orders.  Of course, nothing in this 10/13 Report is intended to (nor shall it) modify, alter, or amend any of the Court's Orders.  Furthermore, these limited findings are subject to further review and revision, and no party is deemed to have waived any evidentiary rights or objections.

Special Master recommended and this Court ordered that the parties should be heard on all such matters.  [*See* Doc Nos. 347, 348].

Since the 7/14 Report, the prior-reported disputes generally remain, and additional disputes continue to emerge.  By way of example only, and not as an exhaustive list, the parties now disagree as to whether the Atlanta Police Department's Standard Operating Procedures have been revoked or amended consistent with the requirements of the Court Orders [*see e.g.,* October 12, 2017 correspondence from Plaintiffs' Counsel attached hereto as **Exhibit A,** at ¶3; *see also* October 13, 2017 correspondence from City Counsel attached hereto as **Exhibit B,** at ¶3], whereas the Special Master was previously unaware of any issues related to this particular requirement of the Court Orders [*see* 7/14 Report Part IV.1 pp. 11-13].  There are also now disputes related to *Calhoun* Training [*see* **Exhibit A** at ¶4; *compare* **Exhibit** B at ¶4] that did not exist previously [*see* 7/14 Report Part IV.6 pp. 25-26].  The theme that continues to emerge is that the parties do not agree on much of anything related to the City's obligations under and compliance with the Court Orders.

In lieu of revisiting in comprehensive detail each of the compliance issues that remains outstanding as of this 10/13 Report, the Special Master incorporates by reference his 7/14 Report, the parties' compliance submissions attached hereto

as **Exhibit A** and **Exhibit B** respectively, and all substantive briefing submitted by the parties and the Special Master during the period from July 14, 2017 through October 13, 2017 [*see e.g.,* discussion Part I *supra*], and reiterates and renews his prior analysis and recommendation that the parties should be given the opportunity to be heard regarding compliance with and modification of the Court Orders in accordance with applicable legal standards, as contemplated by the Show Cause Orders [Doc. Nos. 347, 348].

At this juncture, the Special Master submits that the parties are best positioned to evaluate the extent to which further briefing and argument will be needed in order for the Court to rule. Accordingly, and in order to facilitate prompt review of these pending matters (either by the Special Master or the Court), the Special Master recommends that the Court adopt this report and recommendation, requiring the parties on or before January 12, 2018: (i) first, to meet in person for a settlement conference and discuss resolution of any issues presented by the Show Cause Orders that can be resolved by agreement between the parties; (ii) second, to prepare and file a joint report regarding the result of the

settlement conference; and (iii) third, to prepare and file a complete, consolidated "Pretrial Order" in the form approved by this Court.[6]

Upon filing of the Pretrial Order, the Special Master or the Court (depending on the Court's ruling on the Motion to Reassign) will make necessary arrangements for further proceedings on the Show Cause Orders consistent with the parameters set forth by the parties in the Pretrial Order, whereby all parties will be provided a fair opportunity to present their evidence and argument in accordance with applicable legal standards.

## III.   CONCLUSION AND RECOMMENDATION

Accordingly, and for the reasons set forth in this report, the Special Master's complete recommendation to the Court is as follows:

(1)   that the Court enter an order adopting this 10/13 Report and recommendation in the same or substantially similar form as the proposed order attached hereto as **Exhibit C**; and

(2)   that the Court grant such other appropriate relief as it deems just and proper.

---

[6] *See* NDGa LR 16.4A; *see also* NDGa Pretrial Instructions at Part VIII., available at: http://www.gand.uscourts.gov/sites/default/files/PretrialInstructions.pdf.

Respectfully submitted by:

/s Joe D. Whitley
**JOE D. WHITLEY**
Georgia Bar No. 756150
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
3414 Peachtree Road, NE
Monarch Plaza, Suite 1600
Atlanta, GA 30326
jwhitley@bakerdonelson.com
(404) 223-2209

*Special Master*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing SPECIAL MASTER QUARTERLY COMPLIANCE REPORT DATED OCTOBER 13, 2017 with the Clerk of Court using the Court's CM/ECF system, which will automatically send electronic notification of such filing to all parties through their counsel of record.

This 23rd day of October, 2017.

/s/ Joe D. Whitley
Joe D. Whitley
Georgia Bar No. 756150

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
3415 Peachtree Road NE
Monarch Plaza, Suite 100
Atlanta, Georgia 30326
Telephone: 404-223-2209
Facsimile:  404-238-9799
jwhitley@bakerdonelson.com

*Special Master*