UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHARD PENNINGTON, et al. )<br>)<br>Defendants. )<br>) | Case No. 1:09-CV-3286-TCB |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ORDER AND/OR CONTEMPT**

**COMES NOW**, Defendant City of Atlanta (hereinafter, "City") and files this response to Plaintiff's Motion for Order and/or Contempt, showing the Court as follows:

### I.    FACTUAL BACKGROUND

On November 29, 2018, this honorable Court entered the Parties' Joint Motion for Approval of Proposed Consent Order ("2018 Order"), Doc. 434. The 2018 Order represented the Parties' agreed upon procedures and policies concerning the compliance and monitoring obligations of the Parties. Specifically, Section III(A)(1) Citizen Complaints states that, "APD shall investigate and finally adjudicate all citizen complaints of police misconduct of any kind within 180 days of the

1

complaint." Since the entry of the 2018 Order, both Parties have engaged in compliance and monitoring activities pursuant to said Order.

## II. ARGUMENT AND CITATIONS TO AUTHORITY

While Plaintiffs specifically assert that they are not solely or primarily requesting that this Court find the City in contempt of the 2018 Order[1], out of an abundance of caution, the City must address the motion for contempt standard as it relates to consent decrees:

> Consent decrees "are enforced through the trial court's civil contempt power." A party seeking an order holding the defendant in contempt for violating the consent decree must "move[ ] the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned."[2]

However, the alleged comtemptor may offer proof of inability to comply with the Court's order or substantial compliance. Specifically, parties "subject to a court's order demonstrate an inability to comply only by showing that they have made 'in good faith all reasonable efforts to comply.'"[3] Alternatively, the alleged contemptor may show substantial compliance with the consent decree.

---

[1] Doc. 473, at 3-4.
[2] *Peery v. City of Miami*, 977 F.3d 1061, 1076 (2020) (citing *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000)).
[3] *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (1991) (citing *United States v. Ryan,* 402 U.S. 530, 534 (1971)).

> Substantial performance, or substantial compliance, exists when the consent decree's fundamental purpose has been accomplished, and any deviations from the decree are "unintentional and so minor or trivial as not substantially to defeat the object which the parties intend[ed] to accomplish." There need not be "strict and literal compliance with the contract provisions."[4]

In this case, the City believes that both justifications would support this Court's denial of Plaintiffs' Motion. As supported by the City's monthly productions, despite personnel shortages and complications added by the COVID-19 pandemic, the City has made good faith and reasonable efforts to comply with Section III(A)(1) of the 2018 Order. Yet, substantial compliance does not require "strict and literal" compliance with the consent decree's provisions.[5] Nonetheless, the City fully intends to continue to comply with both the spirit and the letter of the Parties' consent agreement and this Court's 2018 Order. Thus, no additional order or instruction is necessary or warranted to promote or enforce the 2018 Order.

### III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court deny Plaintiffs' motion for order and/or contempt. The City will continue to produce the internal investigations as required by the 2018 Order. The City will also continue to

---

[4] *Peery*, 977 F.3d at 1075 (citing *Jeff D.*, 643 F.3d at 284, 288 (internal quotation marks omitted)).

[5] *Peery*, 977 F.3d at 1075.

work collaboratively with Plaintiffs' Counsel to address any alleged issues arising from the 2018 Order. The City acknowledges and appreciates that Plaintiffs request no financial sanctions be imposed for the Court's review of this matter and joins in this request.

Respectfully submitted this 29th day of August 2022.

By: */s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083
*Attorneys for Defendants*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHARD PENNINGTON, et al. )<br>)<br>Defendants. )<br>) | Case No. 1:09-CV-3286-TCB |

## **CERTIFICATION**

Counsel for Defendants certifies that the foregoing was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C).

Respectfully submitted this 29th day of August 2022.

By: */s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083
***Attorneys for Defendants***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD PENNINGTON, et al. | )  Case No. 1:09-CV-3286-TCB |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I served the foregoing **DEFENDANTS' RESPONSE TO MOTION FOR ORDER AND/OR CONTEMPT** on all counsel of record in this matter via this Court's EMCF/PACER e-filing system.

Respectfully submitted this 29th day of August 2022.

    By: */s/ Staci J. Miller*
    **STACI J. MILLER**
    Attorney
    Georgia Bar No. 601594
    sjmiller@atlantaga.gov
    (404) 546-4083
    ***Attorneys for Defendant***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*