IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>RICHARD PENNINGTON, et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:09-cv-3286-TCB |

# **O R D E R**

This case comes before the Court on Plaintiffs' motion [473] for contempt and/or a Court order addressing alleged noncompliance by Defendant City of Atlanta ("the City") with this Court's prior consent order [434].

Specifically, Plaintiffs allege that the City "has consistently failed to comply with the . . . requirement to investigate and adjudicate all citizen complaints of police misconduct within 180 days, and has repeatedly included inaccurate information about how quickly the City

is resolving those complaints in the records the City is required to produce each month to the Plaintiffs." [473] at 1–2.

Plaintiffs "seek no financial sanctions or modifications of the existing" consent order. *Id.* at 2. They instead ask this Court to (1) remind the City of its obligations under the consent order; (2) order the City to work with Plaintiffs to develop a remediation plan; and (3) order the City to produce monthly a copy of all citizen complaints made during the previous month.

The City does not dispute Plaintiffs' allegations. Instead, it merely asserts that it has made "good faith and reasonable efforts to comply" with the consent order and that it is in "substantial compliance," if not "strict and literal" compliance. [475] at 3. It blames personnel shortages and COVID-19 complications for its shortcomings and accordingly, it asks the Court to forgive any minor noncompliance and forego entering an order of contempt.

While the Court sympathizes with the City's staffing and pandemic-related issues, the data shows that the City is nowhere near "substantial" compliance with the consent order. The order required the

City to investigate and adjudicate all citizen complaints of police misconduct within 180 days. From January to June 2022, 61 percent of investigations that were closed had been open for more than 180 days. Of the 47 citizen complaints resolved within the first half of 2022, sixteen took more than three hundred days to resolve, including one case open for more than 1000 days. [473] at 9–10.

A noncompliance rate well-over 50% cannot be said to be "substantial compliance" and does not satisfy the City's obligations under the consent order.

For the foregoing reasons, Plaintiffs' motion [473] is granted in part. The City shall have 120 days from the date of this Order to be in substantial compliance with the consent order.[1] At the end of the 120-day period, the City shall submit to the Court and to Plaintiffs a report reflecting the status of all open citizen complaints. For any

---

[1] While the Court is not inclined to specifically define "substantial compliance," it should be noted that anything below a 75% compliance rate will certainly be considered inadequate.

noncompliant entries, the City should include a reason for noncompliance.[2]

If Plaintiffs remain dissatisfied with the City's efforts at compliance, they should submit a second motion for contempt after the 120-day period.

While the Court is not inclined to require a remediation plan or additional production of documents at this juncture, continued failure by Defendants to comply with the consent order will likely result in the Court fully granting Plaintiffs' requested relief.

IT IS SO ORDERED this 20th day of September, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

[2] Additionally, the Court cautions the City to provide accurate dates and information relating to the citizen complaints. Plaintiffs assert in their motion that the City has previously provided inaccurate dates that serve to undercount the length of the investigation and adjudication of complaints. They further assert that the City is failing to track or report certain complaints made at APD facilities. Continued failure to report these complaints will constitute noncompliance warranting contempt and/or sanctions.