UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | |
| ) | |
| RICHARD PENNINGTON, et al. ) | Case No. 1:09-CV-3286-TCB |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION FOR CONTEMPT**

**COMES NOW**, Defendant City of Atlanta (hereinafter, "City") and files this response to Plaintiff's Second Motion for Contempt, showing the Court as follows:

### I.   FACTUAL BACKGROUND

On August 14, 2022, Plaintiffs filed their Motion for Order and/or for Contempt with Regard to "Citizen Complaint" Requirements (hereinafter, Motion"). The City responded to said Motion on August 19, 2022. After reviewing said Motion and Response, the Court entered its September 20, 2022 Order requiring the City to provide a report within one-hundred and twenty (120) days reflecting the status of all open citizen complaint files.

1

Subsequently, on January 18, 2023, the City filed its Status Report, pursuant to this Court's Order. Displeased with the City's Report, Plaintiffs filed a Second Motion for Contempt. In their Motion, Plaintiffs requested "moderate financial sanctions" and monthly sworn affidavits as sanctions.

## II.   ARGUMENT AND CITATIONS TO AUTHORITY

"The civil contempt power of the United States courts is limited to the least possible power adequate to the end proposed."[1] Typical contempt proceedings "satisf[y] the two essential requirements of due process: notice and hearing."[2] "If the court finds that the conduct as alleged would violate the prior order … the defendant is allowed to show either that he did not violate the court order or that he was excused from complying."[3]

> Inability as a defense to contempt, does not mean that compliance must be totally impossible. Instead, the inability that will absolve a party from being held in contempt requires only that the noncomplying party has made "in good faith all reasonable efforts to comply" with the terms of a court order.[4]

### A. The City Did Not Inaccurately or Carelessly List Open Cases.

Plaintiffs allege that the City inaccurately or carelessly listed duplicate entries

---

[1] *Mercer v. Mitchell*, 908 F.2d 763, 65 (11th Cir.1990) (internal citations omitted).
[2] *Id*. at 768.
[3] *Id*.
[4] *Chairs v. Burgess*, 143 F.3d 1432, 37 (11th Cir. 1998).

2

in an effort to mislead this Court.[5] However, Plaintiffs' Counsel has inadvertently or ignorantly ignored the fact that several different alleged violations and/or accused persons can all be listed under the same incident number. Thus, instead of there being one case against one individual, some cases contain several violations against several accused persons which cannot adequately or truly be investigated as a sole violation. Although all arising from the same incident, each alleged violation must be treated as its own charge and investigated as such, since there are different elements for each alleged violation.

For example, in case number 20C0195PE[6], nine (9) employees were accused of standard operating procedures (SOP) violations involving property and evidence handling.

| | | | |
|---|---|---|---|
| 20C0195PE | Property and Evidence Handling | ISRAEL | 2.33 Conformance to Directives |
| 20C0195PE | Property and Evidence Handling | HANSEN | 2.33 Conformance to Directives |
| 20C0195PE | Property and Evidence Handling | LUCIEN | 2.33 Conformance to Directives |
| 20C0195PE | Property and Evidence Handling | FORTSON | 2.30 Recovered Property |
| 20C0195PE | Property and Evidence Handling | SWANGER | 2.33 Conformance to Directives |
| 20C0195PE | Property and Evidence Handling | MILLER | 2.30 Recovered Property |
| 20C0195PE | Property and Evidence Handling | MILLER | 2.33 Conformance to Directives |

---

[5] Second Motion for Contempt, Doc. 485, at 4 – 5.
[6] A truncated version of the spreadsheet has been reproduced here.

| | | | |
|---|---|---|---|
| 20C0195PE | Property and Evidence Handling | STANCIL | 2.30 Recovered Property |
| 20C0195PE | Property and Evidence Handling | KANDAKAI | 2.30 Recovered Property |
| 20C0195PE | Property and Evidence Handling | BRANDT | 2.33 Conformance to Directives |

Although all the alleged violations arise from the same incident, each alleged violation must be independently investigated and evidence in one investigation could lead to exculpatory evidence against another accused, which would close out one accused's investigation while the other investigations remain open. Presumably, Plaintiffs' Counsel would not agree with the City closing out the entire 20C0195PE file, just because one (1) of the nine (9) accused was exonerated.

    It would appear that a paid compliance monitor that has purportedly reviewed such documents for four (4) years would understand and appreciate the City's transparency, rather than occlusion, in such circumstances. Where only one portion of the file has been closed out, the City has not closed the entire file to indicate compliance, but has candidly shown which portions of the files have remained open. The City has reported all portions of the files that remain open to ensure that the files are accurately accounted for.[7]

---

[7] The City is still working to remedy any alleged date calculations and computations as each spreadsheet is automatically generated by an electronic system.

### B. The City Has Made Reasonable and Good Faith Efforts to Comply With The 180-Day Rule of the 2018 Order.

In the one-hundred and twenty (120) days allotted by this Court, the Atlanta Police Department (APD) Office of Professional Standards (OPS) closed forty-three (43) cases. OPS also instituted two (2) new procedures. First, OPS instituted a new reporting system that requires it to send its Commander a breakdown by APD section of the open citizen complaints, this breakdown is then sent to each Major and Lieutenant in the affected section to ensure the timely completion of the investigation. APD also began beta testing an electronic process that will allow for complete electronic monitoring of the progress of each file through completion. However, even those efforts did not completely close out all cases that remained open.

In closing out nearly eleven (11) cases per month, APD OPS worked to clear a backlog of cases caused by various issues, including staffing and COVID-19 related issues. In doing so, it diligently and faithfully worked to close out investigations as efficiently as possible while also creating new standards to ensure the timely closure of cases. These actions were reasonable and good faith efforts to comply with the 2018 Order.

### C. Plaintiffs' Proposed Sanctions Do Not Remedy The Alleged Harm.

Plaintiffs' Counsel, the paid compliance monitors in the present action, assert

that "moderate" compensation for ensuring compliance, which they are paid to do, would rectify any alleged deficiencies.[8] However, this proposed remedy hardly seems "the least possible power adequate to the end proposed."[9] Yet, the City's proposed remedies of a new reporting system and electronic monitoring of case statuses, which have already begun to be tested and/or implemented, would adequately resolve the issues with monitoring the review and completion of the citizen complaints. Thus, the City respectfully requests that the Court deny any monetary sanctions to the Plaintiffs and/or their counsel as they are already compensated for their monitoring actions and such compensation would not serve to rectify any alleged deficiencies.

### III.    CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court deny Plaintiffs' second motion for contempt.

Respectfully submitted this 6th day of February 2023.

> By: */s/ Staci J. Miller*
> **STACI J. MILLER**
> Attorney
> Georgia Bar No. 601594
> sjmiller@atlantaga.gov
> (404) 546-4083
> ***Attorneys for Defendants***

---

[8] Second Motion for Contempt, Doc. 485, at 23 – 24.
[9] *Mercer*, 908 F.2d at 765 (11th Cir.1990).

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GEOFFREY CALHOUN, et al. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| RICHARD PENNINGTON, et al. | ) Case No. 1:09-CV-3286-TCB |
| Defendants. | ) ) ) |

## **CERTIFICATION**

Counsel for Defendants certifies that the foregoing was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C).

Respectfully submitted this 6th day of February 2023.

By: */s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083
***Attorneys for Defendants***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHARD PENNINGTON, et al. )<br>)<br>Defendants. )<br>) | Case No. 1:09-CV-3286-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I served the foregoing **DEFENDANTS' RESPONSE TO SECOND MOTION FOR CONTEMPT** on all counsel of record in this matter via this Court's EMCF/PACER e-filing system.

Respectfully submitted this 6th day of February 2023.

By: */s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083
***Attorneys for Defendant***

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*