UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHARD PENNINGTON, et al. )<br>)<br>Defendants. )<br>) | Case No. 1:09-CV-3286-TCB |

## **PROPOSED ORDER**

This matter comes before the Court on Plaintiffs' Second Motion for Contempt [Doc. 485]. Upon review of said Motion and Defendant's response in opposition [Doc. 487], Plaintiffs' Second Motion for Contempt is hereby **GRANTED.**

**Factual Background**

On January 18, 2023, the City of Atlanta ("City") filed its Status Report, pursuant to this Court's Order September 20, 2022 Order [Doc. 479]. In response to the City's Report, Plaintiffs filed a Second Motion for Contempt [Doc. 485]. In their Motion, Plaintiffs requested "moderate financial sanctions" and monthly sworn affidavits as sanctions. The City, in response, expressed that financial sanctions and monthly sworn affidavits would not serve the intended purpose of addressing any

1

non-compliance with Section III(A)(1) of the Parties' 2018 Consent Order [Doc. 434].

**Legal Analysis**

"Sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir.2013). Non-compensatory sanctions, such as coercive sanctions, have the "sole purpose" of bringing an end to an ongoing contempt. *In re McLean*, 794 F.3d 1313, 1323 (11th Cir. 2015). For this reason, they "cannot be any greater than necessary to ensure such compliance and may not be so excessive as to be punitive in nature." *Id*.

"When fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (internal citations omitted). "Although the district court has the authority to impose sanctions designed to ensure compliance, the sanctions cannot be any greater than necessary to ensure such compliance." *Id.* (internal citations omitted). "The district court [has] numerous options, among them: a

coercive daily fine, a compensatory fine, attorney's fees and expenses to the Receiver, and coercive incarceration." *Id*.

With regard to sanctions, the Plaintiffs have requested coercive daily fines ($1,000/day), compensatory damages (totaling $25,000), suspended fines (totaling $125,000), all to be paid to the U.S. Treasury, and additional requirements to the 2018 Order (monthly production of citizen complaint documents and monthly verifications). The City has also proposed its own corrective measures including implementing a new electronic database for the investigation of citizen complaints.[1]

In reviewing the proposed sanctions, this Court is mindful of the purpose of contempt sanctions, which should be used to compensate and/or coerce and should not be punitive in nature. The Court is also aware that tax-payer dollars are implicated in any monetary sanctions awarded. Tax-payer dollars that could be used towards efforts to comply, rather than paid to the U.S. Treasury to be used for unknown purposes.

---

[1] The City asserts that this electronic database is in the process of being procured for the purpose of expediting the investigatory process, increasing efficiency, and affording the City with the capability to investigate and review all complaints electronically. This would allow for all of the relevant documents to be digitized and simultaneously, establish folders which would automatically be organized for OPS files. Going forward, APD would have a paperless system which would help to eliminate delays in processing and accelerate the closure of these files. However, as of the date of this Order, the procurement process has not been completed.

After considering the proposed sanctions requested by Plaintiffs, this Court finds that said sanctions would be punitive, rather than corrective. No ends, other than punishing the City for past non-compliance, would be reached by imposing such requests. However, the Court is inclined to impose a sanction that will compensate the complainants and serve as a reminder of the ramifications of non-compliance. Therefore, to ensure that the sanctions serve the purpose for which they are intended, the Court hereby **ORDERS** the following:

1. That the City of Atlanta be fined a one-time payment of $25,000, paid directly to Plaintiffs' Counsel within thirty (30) days of approval of such payment by the Atlanta City Council for failure to comply with Section III(A)(1) of the November 29, 2018 Order.

_____
The Honorable Timothy C. Batten, Sr.
District Judge, Northern District of Georgia

*Prepared by*:

**STACI J. MILLER**
Georgia Bar No. 601594
City of Atlanta, Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Phone: (404) 546-4083
Fax: (404) 225-5756
sjmiller@atlantaga.gov