IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEOFFREY CALHOUN, et al.,

    Plaintiffs,

v.

RICHARD PENNINGTON, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 1:09-cv-3286-TCB

# **O R D E R**

This case comes before the Court on Plaintiffs' second motion [485] for contempt. Plaintiffs' motion comes following the Court's September 20, 2022 order [479] requiring Defendant City of Atlanta to come into "substantial compliance" with the parties' 2018 consent order [434] and to file a status report.[1]

---

[1] Having found that the City was in violation of the consent order and this Court's September 2022 order, the Court ordered the parties to submit proposed orders granting Plaintiffs' motion and holding the City in contempt.

After reviewing Plaintiffs' motion and status report and the City's response thereto, the Court now finds that the City has violated Section III of the consent order. Accordingly, the Court holds the City in contempt of Court for such violations and imposes the sanctions and remedial orders set forth below.[2]

## I. Sanctions

### A. Sanctions for Violation of the "180-Day Rule"

For the City's failure to comply with Section III(A)(1) of the consent order (known as the "180-Day Rule"), this Court imposes the following sanctions:

- A sanction of $5,000 to be paid to Plaintiffs' counsel[3] within fifteen days of this Order; and

---

[2] Also, Plaintiff's motion [485] for contempt is granted.

[3] Plaintiffs' counsel—who is responsible for overseeing the implementation of the consent order—is the party most aggrieved by the City's past non-compliance. Accordingly, they are the proper recipient of the compensatory contempt sanctions. *Markus v. Rozhkov*, 615 B.R. 679 (S.D.N.Y. 2020) ("Ordinarily, 'where compensation is intended, a fine is imposed, payable to the complainant.'" (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947))); *see also N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989) ("Compensatory sanctions should reimburse the injured party for its actual damages.").

- A sanction of $50,000 to be paid to Plaintiffs' counsel; this sanction is immediately SUSPENDED and shall remain suspended for so long as the City remains in compliance with the 180-Day Rule. While the Court will not at this time set specific numerical requirements by which the City's compliance will be measured, and full compliance is ultimately expected, the Court notes that as a minimum measure of substantial compliance, the resolution of fewer than 90% of complaints within 180 days, or the resolution of any individual complaint more than 25 days beyond 180 days, shall not be considered substantial compliance.

**B.      Sanctions to Coerce Resolution of Existing Citizen Complaints Open More than 120 Days[4]**

---

[4] Coercive sanction payments shall be made to the Clerk of this Court, for further credit to the United States Treasury. Specifically, the payments should be made payable to "Clerk, U.S. District Court for further credit to the U.S. Treasury." *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (holding that a "civil contempt sanction, if coercive, should be payable to the court rather than to" plaintiffs); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("If the fine, or any portion of the fine, is coercive, it should be payable to the court, not [plaintiff].").

The City is ordered to finally adjudicate each citizen complaint that has been open more than 120 days as of the date of this Order within the next sixty days. The City shall pay a sanction of $1,000 for each day that each such investigation remains open beyond this deadline.[5]

### C. Sanctions to Coerce Resolution of Existing Citizen Complaints Open Less than 120 Days

The City shall pay a sanction of $1,000 for each day that an existing citizen complaint open less than 120 days—as of the date of this Order—remains open beyond 180 days.

### D. Sanctions to Coerce Resolution of Future Citizen Complaints within 180 Days

The City shall pay a sanction of $1,000 for each day that a future citizen complaint remains open beyond 180 days.

### E. Sanctions for Providing Inaccurate Information

---

[5] The Court reminds the City that the Atlanta Police Department is required to "investigate and finally adjudicate" each citizen complaint. "Investigate" means "to inquire into a matter systematically and "adjudicate" means "to rule on judicially" (Black's Law Dictionary, 11th ed. 2019), and so simply closing citizen complaints without the systematic inquiry and thoughtful consideration generally applied by a court in resolving matters will not constitute compliance or substantial compliance with this obligation.

Accurate information is essential to the effective monitoring and enforcement of the City's compliance with its obligations under the consent order.[6] With regard to the City's provision of inaccurate information to Plaintiffs and this Court in the past, the Court imposes the following sanctions:

- A sanction of $5,000 to be paid within fifteen days of this Order;

- A sanction of $25,000; this sanction is immediately SUSPENDED and shall remain suspended for so long as the City provides accurate information regarding the matters related to the consent order at all times in the future.[7]

---

[6] *See* [434] at 16 ("The parties agree that enforcement of this Order is dependent upon the timely, full and accurate production of the records and information required to be provided under this Order.").

[7] To avoid any possibility of misunderstanding with regard to the reporting requirements set forth in the Sections III(C)(1)(a) and III(C)(2)(a) of the consent order concerning monthly spreadsheets, the Court notes that "the date the complaint was made" is the date a complainant made a complaint in any format described by Section III(B) ("Definitions") of the consent order, and that "the date that the complaint was finally adjudicated" is the date the Atlanta Police Department notified the complainant of "the final disposition of the complaint (i.e., whether the complaint was sustained, not sustained, unfounded, or exonerated) and the nature of any discipline imposed (e.g., oral admonishment, written reprimand, the duration of any suspension, dismissal, etc.)."

### F.   Sanctions to Coerce the Provision of Accurate Information

The City shall pay the United States Treasury a sanction of $1,000 for each separate item of inaccurate information provided to Plaintiffs or the Court in the future.[8]

### G.   Sanctions for Failing to Report Command Complaints

With regard to the City's failure to report citizen complaints made at APD Facilities as required by the consent order, this Court imposes the following sanctions:

- A sanction of $5,000 to be paid within fifteen days of this Order;

- A sanction of $25,000; this sanction is immediately SUSPENDED and shall remain suspended for so long as the City reports all citizen complaints made to a member of APD Administration and at APD Facilities, as defined in the Section

---

[8] By way of example, in the monthly spreadsheets produced by the City, an incorrect complaint date, an incorrect complaint resolution date, an incorrect disposition of an individual allegation, and an incorrect disciplinary sanction for an individual allegation, shall each be considered a separate item of inaccurate information. However, the Court recognizes that a certain number of typographical errors may occur when compiling and presenting information. A limited number of such mistakes (such as an obvious mistyping or transposition of digits) shall not result in the imposition of this sanction.

III(B) of the consent order. The City shall have a grace period of sixty days from the date of this Order to inform and train all members of APD Administration who work at APD Facilities about the obligation to record and report "Command Complaints," and Plaintiffs should not seek sanctions for any violations of that obligation that may occur within this grace period.

### H.   Sanctions to Coerce Reporting of Future Command Complaints

The City shall pay a sanction of $25,000 for each Citizen Complaint made to a member of APD Administration at an APD Facility that is not reported to Plaintiffs by the 15th day of the following calendar month. The City shall have a grace period of sixty days from the date of this Order to inform and train all members of APD Administration who work at APD Facilities about the obligation to record and report "Command Complaints," and Plaintiffs should not seek sanctions for any violations of that obligation that may occur within this grace period.

**II.   Remedial Orders**

For the purposes of encouraging the City's compliance with the citizen complaint provisions of the consent order, the Court hereby orders the following:

**A.   Monthly Production of Citizen Complaint Documents**

The City is ordered to produce to Plaintiffs, along with the other records required to be produced on the 15th of every month pursuant to the consent order, beginning with the next monthly production that is due after entry of this Order, a copy of all citizen complaints made during the previous calendar month in whatever form the complaint was made (e.g., a copy of a website submission, email, letter, or any records documenting a citizen complaint made by telephone call or walk-in contact).

This obligation shall remain in effect for one year from the date of this Order. If Plaintiffs feel additional productions are required after one year, they may file a renewed motion.

### B. Monthly Production of APD Facility Verifications

The City is ordered to produce to Plaintiffs, along with the other records required to be produced on the 15th of every month pursuant to the consent order, an affidavit or a declaration under penalty of perjury by the commander of each APD Zone verifying that all citizen complaints made at any APD Facility under his or her command, or to any member of APD Administration under his or her command, have been recorded and reported to Plaintiffs as required by the consent order.

This obligation shall not take effect for sixty days from the date of this Order. This obligation shall remain in effect for one year from the date of this Order. If Plaintiffs feel additional productions are required after one year, they may file a renewed motion.

### III. Conclusion

Plaintiffs' motion for contempt [485] is granted and the Court holds Defendant City of Atlanta in contempt of Court. The Court imposes the sanctions and remedial orders set forth above. All payments immediately due—and those imposed but suspended—shall

be made to Plaintiffs' counsel.[9] All future coercive sanctions—if imposed—shall be paid to the "Clerk, U.S. District Court for further credit to the U.S. Treasury." If Plaintiffs believe that the foregoing sanctions have failed to sufficiently encourage compliance, they should file a renewed motion for contempt and include a proposed order with additional sanctions.

IT IS SO ORDERED this 1st day of March, 2023.

Timothy C. Batten, Sr.
Chief United States District Judge

---

[9] The City's immediate obligation includes a sanction totaling $15,000 to be paid to Plaintiffs' counsel within fifteen days of this Order.