IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEOFFREY CALHOUN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| vs. | ) | |
| | ) | 1:09-CV-3286-TCB |
| RICHARD PENNINGTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANT CITY OF ATLANTA'S RESPONSE IN OPPOSITON TO PLAINTIFFS' MOTION TO IMPOSE SUSPENDED SANCTIONS AND PREDETERMINED COERCIVE SANCTIONS

**COMES NOW**, Defendant City of Atlanta (hereinafter, "City"), by and through the undersigned counsel, and files this response to Plaintiffs' Motion to Impose Suspended Sanctions and Predetermined Coercive Sanctions ("Motion"), showing the Court as follows:

### I.     FACTUAL BACKGROUND

In their Motion, Plaintiffs allege that the City, through the Atlanta Police Department (APD), committed two (2) types of violations of the Parties' Consent Order and this Court's March 1, 2023 Contempt Order (Doc. 492). Specifically, Plaintiffs allege that the City:

1

1. Did not comply with the 60-day complaint resolution deadline imposed by this Court; and

2. Provided large amounts of inaccurate information.

Upon motion and consent of the Parties, the City was given twenty-four (24) days to fully investigate the Plaintiffs' allegations and determine their validity.

## II.    ARGUMENT AND CITATIONS TO AUTHORITY

In *Boylan v. Detrio*, 187 F.2d 375, 378 (5th Cir. 1951), the Fifth Circuit Court of Appeals held that:

> Civil contempt proceedings are remedial and coercive, not punitive in their nature, they look only to the future. They are not instituted as punishment for past offenses, but to compel obedience to the orders and decrees of the court made for the benefit not of public justice but of parties to the litigation to compensate them for losses caused by defendants' disobedience of earlier orders and decrees made for their benefit.[1]

Thus, where a party continues to violate a consent order, this Court is authorized to impose *coercive* sanctions, not as a fine for previous violations.[2]

Additionally, when imposing coercive fines, courts "must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result

---

[1] *Boylan v. Detrio*, 187 F.2d 375, 378 (5th Cir. 1951).
[2] *See Id.*

desired."[3] The Court must also consider the willfulness of the Defendants' conduct in violating the Consent Order.[4] Coercive sanctions are prohibited from being "so excessive as to be punitive in nature."[5]

i. **Plaintiffs Are Not Entitled To Sanctions For Alleged Past Inaccuracies**

In their Motion, Plaintiffs point to Exhibit L as an example of alleged "inaccuracies on City spreadsheet".[6] Of the two-hundred and sixty-nine (269) rows of entries in Exhibit L, dating back to May 1, 2020, only twenty (20) rows pertain to alleged incidents of inaccurate information *since* this Court's March 1, 2023 Order.[7] In that Order, the City was specifically sanctioned five thousand dollars ($5000) for the "provision of inaccurate information to Plaintiffs and this Court *in the past*".[8] Undoubtedly, "*in the past*" meant prior to March 1, 2023, the date the Order was entered.

However, Plaintiffs now seek to re-sanction the City for alleged inaccuracies that the City has *previously* been sanctioned for. This attempt is disingenuous, at

---

[3] *In re Chase & Sanborn Corp.* 872 F.2d 397, 401 (11th Cir. 1989).
[4] *Hubbard/Downing, Inc. v. Kevin Health Enterprises*, 2014 WL 32314, *4 (2014) (citing *In re Chase & Sanborn Corp.*, 872 F.2d at 401).
[5] *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).
[6] Doc. 496-12.
[7] See attached Exhibit A.
[8] Doc. 492, at 5 (emphasis added).

best, and fraudulent, at worse. The case law in this Circuit has been clear, since at least 1951, that civil contempt proceedings "are not instituted as punishment for past offenses",[9] yet Plaintiffs have chosen to present a list of alleged inaccuracies to this Court that not only precede the previous Order, but also predate the current motion by over three (3) years. Even if this Court had not previously sanctioned the City for the alleged past inaccuracies, Plaintiffs would still not be entitled to sanction the City for past inaccuracies under *Boylan*. Given the clear status of the law concerning coercive sanctions, Plaintiffs are not entitled to sanctions against the City for any alleged inaccuracies occurring before this Court's March 1, 2023 Order.

When appropriately counted, Plaintiffs have pointed to only twenty-five (25) alleged inaccuracies since the March 1, 2023 Order. To put this number in perspective, of the three thousand four-hundred and sixty-nine (3,469) separate items of information provided to Plaintiffs in the March[10] and April[11] monthly productions, the Plaintiffs point to twenty-five (25) items of inaccurate information. This amounts to .00072% of the total information presented to Plaintiffs in the two months since this Court's Order.

---

[9] *Boylan*, 187 F.2d at 378.
[10] See attached Exhibit B.
[11] See attached Exhibit C.

While the City argues that this number shows far more than substantial compliance, the City has since implemented two additional levels of review of the information produced to Plaintiffs each month to further ensure the accuracy of the provided information. The City has also found that at least three (3) of the errors were caused by a system limitation. Specifically, the system that APD currently uses to track its Office of Professional Standards (OPS) files, IAPro, can mark an entire file's disposition as "sustained" where there are multiple allegations against a single officer and one allegation has been sustained and others have not.[12] For example, in Plaintiffs' Exhibit L, rows 12 and 13 pertain to the same officer with two different allegations; however, although only one allegation was "sustained" both were marked as "sustained" by the IAPro system.[13] Similarly, where an adverse action was taken for a sustained violation, the system lists this "action taken" for each allegation in OPS file, whether the allegation was sustained or not sustained. Given this information, the City respectfully requests that this Court consider the "character and magnitude" of the alleged inaccuracies *since* its March 1, 2023 Order and not impose sanctions where more than substantial compliance has been reached.

---

[12] See attached Exhibit D.
[13] Doc. 496-12, 2.

### ii. The City Did Not Willfully Violate This Court's 60-Day Deadline

Plaintiffs also allege in their Motion that the City did not comply with the 60-day complaint resolution deadline. Upon review of the allegations, the City has determined that an administrative, rather than intentional, delay caused the complainant notification letters ("Notification Letters") to be sent days or even weeks after the OPS files were closed in the IAPro system. After the cases were shown as "completed" in the IAPro system, an APD civilian employee was responsible for drafting the Notification Letters and taking them to the APD headquarters for mailing. Rather than drafting and taking each letter individually, the employee waited until numerous files were closed to draft the Notification Letters and take them in batches.

For example, OPS File No. 23C0131SOP was completed in the IAPro System on April 26, 2023[14]; however, the Notification Letter was not created and mailed until May 3, 2023. Similarly, OPS File No. 23C0133SOP was completed in the IAPro System on April 13, 2023[15]; however, the Notification letter was not created and mailed until April 25, 2023. In fact, as evidenced by Plaintiffs' Exhibit L, of the Notification Letters complained of in the "Date on Notification Letter to

---

[14] See attached Exhibit E.
[15] See attached Exhibit F.

Complainant" column, nearly all were sent out in batches on April 25th, 26th and May 3rd. This was consistent with the civilian employee's practice of waiting for a batch of files to be completed before creating Notification Letters and taking said Letters to APD Headquarters for mailing. The civilian employee has since been retrained and provided additional assistance in completing this task. Since being notified, APD has also created and implemented a new streamlined Notification Letter and internal procedure for ensuring that the Notification Letters are sent on the same day that the file is marked as closed in the IAPro System.

Contrary to Plaintiffs' assertions and implications of nefarious action, an administrative error, rather than an intent to violate, obfuscate, or frustrate this Court's Order caused the delay in the creation and mailing of the Notification Letters. In considering whether to impose coercive fines, this court "must consider the character and the magnitude of the harm threatened" by the Notification Letters being created and mailed after the files had been completed in the IAPro system. As a result, the City should not be sanctioned where willful violation of the Court's Order has not been shown.

### III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court deny

Plaintiffs' Motion because the Plaintiffs have not shown a willful violation of the Consent Order or this Court's March 1, 2023 Order. As a result, they are not entitled to sanctions against the City as a matter of law.

This 23rd day of June 2023.

                                      **RESPECTFULLY SUBMITTED,**

                                      */s/ Staci J. Miller*
                                      **STACI J. MILLER**
                                      **Attorney**
                                      Georgia Bar No. 601594
                                      (404) 546-4083 *Direct*
                                      sjmiller@atlantaga.gov

                                      ***Counsel for City of Atlanta***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100
Fax: (404) 225-5756

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GEOFFREY CALHOUN, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| vs. ) | |
| ) | **1:09-CV-3286-TCB** |
| **RICHARD PENNINGTON, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## CERTIFICATION

Counsel for Defendants certifies that the foregoing was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C).

                                                  **RESPECTFULLY SUBMITTED,**

                                                  */s/ Staci J. Miller*
                                                  **STACI J. MILLER**
                                                  **Attorney**
                                                  Georgia Bar No. 601594
                                                  (404) 546-4083 *Direct*
                                                  sjmiller@atlantaga.gov

                                                  ***Counsel for City of Atlanta***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100
Fax: (404) 225-5756

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEOFFREY CALHOUN, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RICHARD PENNINGTON, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE NO. <br><br> 1:09-CV-3286-TCB |

### CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023 I served a true copy of, ***DEFENDANT CITY OF ATLANTA'S RESPONSE IN OPPOSITON TO PLAINTIFFS' MOTION TO IMPOSE SUSPENDED SANCTIONS AND PREDETERMINED COERCIVE SANCTIONS*** upon counsel for Plaintiffs to ensure delivery to:

**Law Office of Daniel J. Grossman**
**Daniel J. Grossman**
5101 Old Highway 5, #701
Lebanon, GA 30146
dan@dangrossmanlaw.com

This 23rd day of June 2023.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
**Attorney**
Georgia Bar No. 601594

10

(404) 546-4083 *Direct*
sjmiller@atlantaga.gov

*Counsel for City of Atlanta*

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Office: (404) 546-4100
Fax: (404) 225-5756